IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARCIA R. CULVER,                        §
                                         §
                 Plaintiff,              §
                                         §
VS.                                      §        Civil Action No. 3:24-CV-1549-D
                                         §
LOWE'S HOME CENTERS LLC,                 §
                                         §
                 Defendant.              §

MEMORANDUM OPINION
AND ORDER

In this premises liability action by *pro se* plaintiff Marcia R. Culver ("Culver") against

defendant Lowe's Home Centers LLC ("Lowe's"), Culver moves in three nearly identical

motions to modify the scheduling order to extend the discovery deadline.  Lowe's has not

responded to any of the motions,[1] which the court now grants for the reasons that follow.

I

In June 2024 Culver brought this premises liability action seeking to recover for

injuries she allegedly suffered when she slipped and fell in dog feces at a Lowe's store in

Cleburne, Texas.  In September 2024 the court entered a scheduling order that, in pertinent

part, set May 19, 2025 as the deadline to complete discovery.  Culver now moves the court

to modify the scheduling order to extend the discovery deadline.[2]  Lowe's opposes the

_____

[1]Although Lowe's has not responded to the motions, the certificates of conference
indicate that the motions are opposed.

[2]Culver filed three nearly identical versions of her motion on May 18, 19, and 20,
2025.  The court will consider the filings together as if they were a single motion, but, for

motions, which the court is deciding on the briefs, without oral argument.

## II

Fed. R. Civ. P. 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent."[3] *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (unpublished table decision) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has met her burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres*

---

clarity, the court will refer to them by the plural term "motions."

[3]Although Culver's briefing does not explicitly address the good cause standard, the court will not deny the motion for that reason because the grounds on which Culver relies to establish good cause are relatively clear, and because the court generally construes *pro se* filings liberally. *See Hanley v. Kroger Co.*, 2025 WL 992579, at *2 n.2 (N.D. Tex. Apr. 2, 2025) (Fitzwater, J.) (collecting cases entertaining motions to modify scheduling order where good cause standard not explicitly briefed); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam) (instructing district courts to liberally construe *pro se* filings).

*v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side."  *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

A

The court considers first Culver's explanation for her failure to timely comply with the scheduling order.

Culver explains that "[d]iscovery is taking longer than planned, but not for a lack of trying."  P. Mot. (ECF No. 26) at 2.  She maintains that because she is a *pro se* litigant suing "a big box store" for premises liability and gross negligence arising out of an incident that involved "multiple unidentified employees/witnesses," drafting discovery requests "has been extensive, challenging, thought provoking[, and, sometimes, duplicative]," *id.* at 1-2; reviewing the "poorly labeled" mass of surveillance footage produced by Lowe's took approximately "5 days," *id.* at 3; she has spent 20 hours a day working on the extensive discovery in this case to no avail; and she has diligently communicated her slow but steady progress to Lowe's.

The court finds that Culver has shown reasonable diligence.  She represents that she worked earnestly to meet the discovery deadline but understandably was delayed by her inexperience in drafting discovery requests.  Although her *pro se* status is not alone good cause for failing to timely comply with the scheduling order, *see Reed v. Wilkie*, 2020 WL

6746928, at *2 (N.D. Tex. Oct. 30, 2020) (Horan, J.), *rec. adopted*, 2020 WL 6741651 (N.D. Tex. Nov. 17, 2020) (Starr, J.), it is relevant.  Even the most skilled *pro se* litigant, as someone who lacks familiarity with the rigors of civil litigation, is likely to experience some delay when navigating the path from the initiation of the lawsuit to the entry of a final judgment.  When, as here, the *pro se* litigant seeks diligently to ameliorate that delay, her inexpertness weighs in favor of granting her a reasonable extension of time.

Accordingly, Culver's explanation favors granting her motion.

B

The court next assesses the importance of the modification.

Culver contends that extending the discovery deadline is important to ensuring that her claims are resolved on the merits.  She maintains that, because she "cannot afford to [take] depositions or [] hire expert witnesses," her case depends entirely on the competence of her requests for written discovery, which she requires further time to prepare.  P. Mot. (ECF No. 26) at 2.

The court finds that Culver's requested modification is important.  The spirit of the Rules is to decide cases on the merits.  *See Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also* Rule 1.  And discovery is usually an essential tool for gathering the evidence that is necessary to prevail on the merits.  Culver has demonstrated that it is in this case.

Accordingly, this factor weighs in favor of granting Culver's motion.

- 4 -

C

Finally, under the third and fourth factors, the court considers the potential prejudice in allowing the modification and the availability of a continuance to cure such prejudice. The only potential undue prejudice that the court can discern stems from delay in reaching a final resolution of the case. But Lowe's has not responded to Culver's motions and has not suggested that it will incur any *undue* prejudice, whether from delay or another reason. And a continuance of the discovery deadline—the relief that Culver seeks—will cure the prejudice that she is seeking to remedy.

Accordingly, these factors weigh in favor of granting Culver's motions.

D

Applying the four factors holistically, the court concludes that Culver has met her burden to show good cause to modify the scheduling order under Rule 16(b)(4). Culver is a *pro se* litigant who, despite her limitations, has shown that she is working diligently to collect evidence so that her claims can be decided on their merits. Lowe's has not demonstrated that any factors weigh in favor of denying Culver's motions.

*    *    *

Accordingly, the court grants Culver's motions. The court extends the discovery deadline to July 25, 2025, and it extends the deadline for filing motions for summary judgment to August 25, 2025.[4]

---

[4]These deadlines are intended to mirror the ones being enlarged. Culver requests in her May 20, 2025 motion that the discovery deadline be extended to June 20, 2025 and the

The court notes that Lowe's filed on June 23, 2025 a motion for summary judgment. Today's memorandum opinion and order does *not* extend the deadline to respond to that motion. Any relief from the response deadline must be sought in accordance with Rule 56(d).

**SO ORDERED**.

June 26, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

summary judgment deadline be extended to July 4, 2025 (a federal holiday). The new deadlines provide an extension of approximately one month from today for the completion of discovery and an interval of about one month after that to file summary judgment motions.