IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCIA R. CULVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-1549-D |
| | § | |
| LOWE'S HOME CENTERS LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this premises liability action by *pro se* plaintiff Marcia R. Culver ("Culver") against defendant Lowe's Home Centers LLC ("Lowe's"), Lowe's moves for partial summary judgment dismissing Culver's claim to the extent she seeks punitive damages for gross negligence. Culver has not responded to the motion, and, for the reasons that follow, the court grants it.

I

On June 21, 2022 Culver slipped and fell in dog feces at a Lowe's store ("Store").[1] Culver was renovating her kitchen and visited the Store to deliver glass inserts to be customized. After she delivered the inserts to the hardware department, Culver decided to browse the appliances while an employee of Lowe's worked on the inserts. On her way to

---

[1] In deciding the motion for partial summary judgment of Lowe's, the court views the evidence in the light most favorable to Culver as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

the appliance section, Culver slipped in a pile of dog feces. After the fall, an employee of Lowe's remarked that he knew about the feces but had not had time to clean it up. The feces had been there for about five minutes.

In June 2024 Culver filed this lawsuit against Lowe's. Her first amended complaint asserts a Texas state-law claim for premises liability and prays, *inter alia*, for punitive damages based on gross negligence.[2] Lowe's now moves for partial summary judgment dismissing Culver's gross negligence claim. Culver has not responded to the motion,[3] which the court is deciding on the briefs, without oral argument.

---

[2] The first amended complaint appears to plead gross negligence as a separate claim, but, "[u]nder Texas law, gross negligence is not a separate or independent cause of action, but is instead the extension of a claim for ordinary negligence[.]" *Labrew v. A&K Truckline, Inc.*, 768 F.Supp.3d 770, 780 n.7 (N.D. Tex. 2025) (Reno, J.).

[3] In the court's June 26, 2025 memorandum opinion and order granting Culver's motions to modify the scheduling order, the court extended the discovery deadline to July 25, 2025 and the deadline for filing motions for summary judgment to August 25, 2025, but declined to extend the deadline for responding to the instant motion for summary judgment, which Lowe's had filed prior to the issuance of that memorandum opinion and order. The court concluded that "[a]ny relief from the response deadline must be sought in accordance with Rule 56(d)." *Culver v. Lowe's Home Ctrs. LLC*, 2025 WL 1798941, at *3 (N.D. Tex. June 26, 2025) (Fitzwater, J.).

Culver has not sought relief under Rule 56(d). Although Culver's *pro se* status might explain that omission, it does not excuse it. *See Ogbodiegwu v. Wackenhut Corr. Corp.*, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999) (per curiam) (unpublished) ("Although the pleadings filed by pro se parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam))).

II

A

Although Culver has failed to respond to the motion of Lowe's, there is no such thing as a "default" summary judgment. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.) (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)). When, as here, the nonmovant has failed to respond, the district court may "accept[] as undisputed the facts so listed in support of [the] motion for summary judgment," *Eversley*, 848 F.2d at 174, but the "movant has the burden of establishing the absence of a genuine issue of material fact," *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A disputed fact is material if it 'might affect the outcome of the suit under the governing law.'" *Allen v. USPS*, 63 F.4th 292, 300 (5th Cir. 2023) (quoting *Anderson*, 477 U.S. at 248). When, as here, a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to either admissible evidence that negates the nonmovant's claim, or the absence of admissible evidence to support the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

B

Under Texas law, which undisputably applies in this case,

> [g]ross negligence requires a showing of two elements: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others. Under the first, objective element, an extreme risk is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. Under the subjective element, actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care.

*Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (citation modified).

> A corporation may be liable for punitive damages for gross negligence only if the corporation itself commits gross negligence. Because a corporation can act only through agents of some character, [the Texas Supreme Court] has developed tests for distinguishing between acts that are solely attributable to agents or employees and acts that are directly attributable to the corporation. A corporation is liable for punitive damages if it authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent.
>
> A corporation is also liable if it commits gross negligence through the actions or inactions of a vice principal. "Vice principal" encompasses: (a) corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom the master has confided the management of the whole or a department or a division of the business.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921-22 (Tex. 1998) (citation modified).

C

Lowe's argues that it is entitled to partial summary judgment dismissing Culver's premises liability claim to the extent she seeks punitive damages for gross negligence because there is no evidence that Lowe's was grossly negligent:

> [Culver] has not, and cannot, prove that the failure to clean up the dog feces within five minutes involved an extreme degree of risk. There is no evidence that the actions of [the] Lowe's employees disregarded a likelihood of serious injury to [Culver] or that the actions of the Lowe's employees demonstrated a conscious indifference to the rights of others. There is further no evidence that Lowe's authorized or ratified its employees' omission in failing to clean up the dog feces, that Lowe's hired an unfit agent, or that the omission of failing to clean up the dog feces was done by a vice-principal of Lowe's.

D. Br. (ECF No. 30-1) at 6.

Viewing the evidence in the light most favorable to Culver and drawing all reasonable inferences in her favor, the court concludes that Lowe's has met its summary judgment obligation to point to the absence of admissible evidence to support Culver's gross negligence claim. Even assuming *arguendo* that there is a genuine dispute of material fact regarding whether employees of Lowe's were grossly negligent due to their neglect in failing to clean up the dog feces despite their knowledge of the dangers presented, Culver has not adduced any evidence from which a reasonable jury could find that *Lowe's* thereby "itself commit[ted] gross negligence[.]" *Mobil Oil*, 968 S.W.2d at 921-22. Lowe's is therefore entitled to partial summary judgment dismissing Culver's premises liability claim to the extent she seeks punitive damages based on alleged gross negligence.

\* \* \*

For the reasons explained, the court grants the June 23, 2025 motion for partial summary judgment filed by Lowe's.

**SO ORDERED**.

August 19, 2025.

                                                        SIDNEY A. FITZWATER
                                                        SENIOR JUDGE